# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUCIUS OLIVER, | CASE NO. 1:08-cv-01319-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER § 1983 |
| v. | |
| FRESNO COUNTY, et al., | (Doc. 7) |
| Defendants. | DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |
| _____/ | |

## Screening Order

**I.      Screening Requirement**

Plaintiff James Lucius Oliver ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on September 5, 2008. (Doc. 1.) On May 8, 2009, the Court dismissed Plaintiff's complaint with leave to amend for failure to state any claims upon which relief may be granted.  (Doc. 6.)  On June 10, 2009, Plaintiff filed his first amended complaint.  (Doc. 7.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4       A complaint must contain "a short and plain statement of the claim showing that the pleader

5  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

7  do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,

8  550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual

9  matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949

10  (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal

11  conclusions are not. Id.

12  **II.**     **Summary of Plaintiff's Amended Complaint**

13       **A.**     **Plaintiff's Federal Claims**[1]

14       Plaintiff is currently housed at Salinas Valley State Prison in Soledad, California. The events

15  giving rise to the claims at issue in this action allegedly occurred in 1997 through July 1998 at the

16  Fresno County Jail where Plaintiff was housed as a pre-trial detainee. Plaintiff alleges a § 1983

17  claim of deliberate indifference stemming from inadequate medical treatment while at Fresno County

18  Jail. Plaintiff seeks money damages. Plaintiff names as defendants Does 1 through 25 and Doctor

19  K. D. Baird.

20       Plaintiff alleges the following. On November 24, 1997, Plaintiff was seen by a physician at

21  UMC Hospital in Fresno for severe and excruciating pain in Plaintiff's right leg stemming from three

22  fractures. Plaintiff was arrested during the examination by Fresno city police and transferred to

23  Fresno County Jail. UMC Hospital called the jail and faxed to jail administration an account of

24

25      [1] Plaintiff's prayer for relief indicates an intent to pursue claims for medical malpractice and negligence.

26  However, Plaintiff has not alleged compliance with the California Tort Claims Act, which is a prerequisite to suit and which must be specifically alleged to state a claim. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d

27  1470, 1477 (9th Cir. 1995). Further, the Court has no jurisdiction over Plaintiff's state law claim absent the existence of viable federal claims. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d

28  802, 805 (9th Cir. 2001).

1   Plaintiff's injuries.  County Jail medical staff, medical doctors Does 1 and 2 urged Plaintiff to submit

2   to the removal of his leg cast and to turn over his crutches.  Does 1 and 2 then changed Plaintiff's

3   medical prescriptions.  For the next 11 months, Doe 1 with defendant Lieutenant K. D. Bird denied

4   and refused Plaintiff's pleas of pain.  Doe 1, with the assistance of Doe 3 (a medical assistant) and

5   Doe 4 a county sheriff removed Plaintiff's cast against Plaintiff's protests.  Plaintiff repeatedly

6   requested to see an orthopedic physician but was denied.  Doe 1 repeatedly refused Plaintiff's

7   requests and stated to Plaintiff that he was lying and faking his injury.  Defendant Bird as Doe 1's

8   supervisor approved these actions.  Plaintiff alleges that Defendants K. D. Bird and Does 1 through

9   25 knew or should have known of the resulting injuries from Defendants' actions.

10                      **1.      Defendant Fresno County**

11        The Civil Rights Act under which this action was filed provides:

12                 Every person who, under color of [state law] . . . subjects, or causes
                   to be subjected, any citizen of the United States . . . to the deprivation
13                 of any rights, privileges, or immunities secured by the Constitution .
                   . . shall be liable to the party injured in an action at law, suit in equity,
14                 or other proper proceeding for redress.

15   42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

16   Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

17   (internal quotations omitted).  "To the extent that the violation of a state law amounts to the

18   deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,

19   Section 1983 offers no redress."  Id.

20        Section 1983 plainly requires that there be an actual connection or link between the actions

21   of the defendants and the deprivation alleged to have been suffered byPplaintiff.  See Monell v.

22   Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  A

23   person deprives another of a constitutional right, where that person "does an affirmative act,

24   participates in another's affirmative acts, or omits to perform an act which [that person] is legally

25   required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d

26   740, 743 (9th Cir. 1978).  The 'requisite causal connection can be established not only by some kind

27   of direct, personal participation in the deprivation, but also by setting in motion a series of acts by

28   others which the actor knows or reasonably should know would cause others to inflict the

1  constitutional injury." <u>Id.</u> at 743-44.

2     Plaintiff does not allege any facts against defendant Fresno County and therefore fails to state

3  a claim against this defendant.[2]

4        ## 2.    Defendant Does and Bird

5     "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

6  must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096

7  (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

8  test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

9  demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

10 the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

11 deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059

12 (9th Cir. 1992), <u>overruled on other</u> grounds by <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136

13 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a

14 purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

15 by the indifference." <u>Id.</u> (citing <u>McGuckin</u>, 974 F.2d at 1060).  Deliberate indifference may be

16 manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or

17 it may be shown by the way in which prison physicians provide medical care." <u>Id.</u> (citing <u>McGuckin</u>,

18 974 F.2d at 1060 (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving

19 medical treatment, the delay must have led to further harm in order for the prisoner to make a claim

20 of deliberate  indifference to serious medical needs. <u>McGuckin</u>, 974 F.2d at 1060 (citing <u>Shapely</u>

21 ─────────────────

22 [2]A local government unit may not be held responsible for the acts of its employees under a respondeat
   superior theory of liability.  <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691 (1978); <u>Webb v. Sloan</u>, 330
23 F.3d 1158, 1163-64 (9th Cir. 2003); <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1185 (9th Cir. 2002).  Rather, a
   local government unit may only be held liable if it inflicts the injury complained of.  <u>Gibson</u>, 290 F.3d at 1185.
24          Generally, a claim against a local government unit for municipal or county liability requires an allegation
   that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . .
25 suffered."  <u>Galen v. County of Los Angeles</u>, 477 F.3d 652, 667 (9th Cir. 2007); <u>City of Canton, Ohio, v. Harris</u>, 489
   U.S. 378, 385 (1989).  Alternatively, and more difficult to prove, municipal liability may be imposed where the local
26 government unit's omission led to the constitutional violation by its employee.  <u>Gibson</u> at 1186.  Under this route to
   municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that
27 the omission caused the employee to commit the constitutional violation."  <u>Id.</u>  Deliberate indifference requires a
   showing "that the municipality was on actual or constructive notice that its omissions would likely result in a
28 constitutional violation."  <u>Id.</u>

1    v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

2        "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060

3    (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from

4    which the inference could be drawn that a substantial risk of serious harm exists,' but that person

5    'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official

6    should have been aware of the risk, but was not, then the official has not violated the Eighth

7    Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada,

8    290 F.3d 1175, 1188 (9th Cir. 2002)).

9        A difference of opinion between medical personnel regarding treatment does not amount to

10   deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Further, "[a] difference

11   of opinion between a prisoner-patient and prison medical authorities regarding treatment does not

12   give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal

13   citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chose was

14   medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious

15   disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.

16   1986) (internal citations omitted).

17       Liberally construing Plaintiff's amended complaint, Plaintiff has adequately alleged a serious

18   medical need at the time of his transfer to Fresno County Jail.  However, Plaintiff has not sufficiently

19   alleged that defendants knew of and then disregarded an excessive risk of harm to his health. The

20   allegation that the Doe doctors changed Plaintiff's prescription for pain medication, or that

21   Defendant Does 1 through 3 removed Plaintiff's leg cast do not amount to deliberate indifference.

22   Differences in opinion amongst medical professionals or between medical professionals and Plaintiff

23   about treatment, without more, are insufficient to support a claim.  Plaintiff must allege facts

24   showing that defendants knew of and disregarded an excessive risk to Plaintiff's health by their acts

25   or omissions.  While Plaintiff alleges that the hospital sent information regarding Plaintiff's health

26   to the county jail, that is not sufficient to indicate that the county jail medical doctors knew of and

27   disregarded an excessive risk to Plaintiff's health or safety.

28       Further, Plaintiff's allegation that defendant Bird approved of these actions is insufficient to

1  support a claim.   Plaintiff has not sufficiently alleged that defendant Bird "[knew] of and

2  disregard[ed] an excessive risk to [plaintiff's] health or safety."  <u>Farmer</u>, 511 U.S. at 837.

3  **III.    Conclusion and Order**

4         Plaintiff's amended complaint fails to state any claims against any defendants.  Plaintiff was

5  provided an opportunity to amend his complaint to cure the deficiencies identified, but failed to do

6  so.  Further leave to amend will not be granted.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir.

7  2000).

8         Accordingly, the Court HEREBY ORDERS that this action be dismissed with prejudice for

9  failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  This dismissal

10  shall count as a strike pursuant to 28 U.S.C. § 1915(g).

11

12     IT IS SO ORDERED.

13  **Dated:    October 27, 2009**          **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28